A pIN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Quincy L. Brown,<br><br>  Plaintiff,<br>v.<br><br>Crayman Harvey, Jovan Haynes,<br><br>  Defendants. | Case No. 8:25-cv-13294-RMG<br><br>**ORDER & OPINION** |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge recommending summary dismissal of this action. (Dkt. No. 12). Plaintiff, a pretrial detainee proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 for claims arising from alleged injuries during his detention. No objections to the R & R were filed.

For the reasons set forth below, the Court adopts a portion of the R & R (Dkt. No. 12 at 1-8) as the Order of the Court and dismisses Plaintiff's claims without prejudice, without issuance and service of process, and without leave to amend.

**I.     Background**

Plaintiff is a pretrial detainee and, when he commenced this action, was incarcerated at the Alvin S. Glenn Detention Center ("ASGDC") in Columbia, South Carolina. Plaintiff filed this action seeking relief for alleged violations of his Eighth and Fourteenth Amendment Rights. Plaintiff alleged that Defendants failed to provide safety to inmates and that the living conditions at ASGDC are inhumane. (Dkt. No. 1 at 4). Plaintiff alleges that he caught an infectious disease and did not receive proper treatment for it. (*Id.* at 6). For his relief, Plaintiff seeks money damages for his pain and suffering in the amount of $180,000. (*Id.*).

The Magistrate Judge recommended the summary dismissal of this action for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (Dkt. No. 9). The Magistrate Judge offered Plaintiff the opportunity to amend his complaint, but no amended complaint was forthcoming. Upon issuing the R & R recommending the summary dismissal of the complaint, the Magistrate Judge gave Plaintiff notice that he had fourteen days to file any written objections to the R & R and the failure to file written objections would result in only clear error review and a waiver of the right to appeal the District Court's order. (Dkt. No. 12 at 13). Plaintiff filed no objections to the R & R.

## II.     Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

The Magistrate Judge reviewed the pleadings, summarized the law, and correctly concluded that the Court should dismiss Plaintiff's 42 U.S.C. § 1983 claim for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure. (Dkt. No. 12).

In an order dated November 13, 2025, the Magistrate Judge advised Plaintiff that his complaint was subject to summary dismissal because Plaintiff failed to state a § 1983 against Defendants based on a theory of supervisory liability; Plaintiff failed to allege that Defendants had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff. Furthermore, the Magistrate Judge advised that Plaintiff failed to allege facts sufficient to support a claim for deliberate indifference. (Dkt. No. 9). The Magistrate Judge ordered Plaintiff to file an amended complaint to correct the deficiencies in the original.

Despite warnings from the Magistrate Judge that the case would be summarily dismissed for failure to prosecute, Plaintiff has failed to respond to the Magistrate Judge's order directing him to file an amended complaint or file any objection to the Report and Recommendation. Given the Magistrate Judge's prior explicit warning that dismissal would be recommended if the Plaintiff failed to respond, dismissal is the only appropriate sanction.

The Magistrate Judge correctly concluded that Plaintiff's complaint was subject to summary dismissal for failure to prosecute. Accordingly, the Court adopts a portion of the R & R of the Magistrate Judge (Dkt. No. 12 at 1-8) as the Order of the Court and dismisses this action without prejudice and with further leave to amend. The Court finds it unnecessary to address the portion of the R & R relating to dismissal for failure to state a claim.

## IV. Conclusion

In light of the foregoing, the Court **ADOPTS** a portion R & R of the Magistrate Judge (Dkt. No. 12 at 1-8) relating to the failure to prosecute as the order of the Court and **SUMMARILY DISMISSES** this action without prejudice, without the issuance and service of process, and without leave to amend.

**AND IT IS SO ORDERED.**

                                                           s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 7, 2026
Charleston, South Carolina